1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9   JAMES SINGH,

10          Plaintiff,                          No. C 11-5485 PJH

11      v.                                      **ORDER**

12   WELLS FARGO BANK N.A., et al.,

13          Defendants.
     _____/

14

15          The motion of defendant Wells Fargo Bank N.A. ("Wells Fargo") for an order

16   dismissing the complaint for failure to state a claim, and motion for an order striking certain

17   allegations in the complaint, came on for hearing before this court.  Plaintiff James Singh

18   appeared by his counsel Jamil White, and Wells Fargo appeared by his counsel Michael

19   Rapkine.  Having read the parties' papers and carefully considered their arguments, and

20   good cause appearing, the court hereby GRANTS the motion to dismiss in part and

21   DENIES it in part, and DENIES the motion to strike, as follows and for the reasons stated

22   at the hearing.

23          Plaintiff is the owner of residential real property located in Oakland ("the property").

24   In 2006, he obtained a $500,000 loan from World Savings Bank, FSB, the predecessor of

25   defendant Wells Fargo.  The note was secured by a Deed of Trust recorded against the

26   property.  The Deed of Trust grants the beneficiary the right to proceed with a nonjudicial

27   foreclosure sale in the event of a default under the terms of the trust or the note secured by

28   the Deed of Trust.

United States District Court

For the Northern District of California

1    In 2010, after plaintiff fell behind on his payments, Wells Fargo recorded a Notice of

2    Default and Election to Sell under Deed of Trust, based on the alleged default.  Plaintiff

3    claims that he didn't really fall behind on his payments, and that instead, Wells Fargo

4    fraudulently attributed his payments to "miscellaneous application payments," and then

5    refused to correct the error, and ultimately refused to accept any more payments from him.

6    Thus, he asserts, any default was "artificially" and "fraudulently" created by Wells Fargo.

7    Wells Fargo recorded a Notice of Trustee's Sale in August 2011.  On October 11,

8    2011, plaintiff filed the present action in the Superior Court of California, County of

9    Alameda, alleging six state law claims against Wells Fargo and Executive Trustee

10   Services, LLC dba ETS Services, LLC (the acting trustee on the Deed of Trust, which

11   recorded the foreclosure notices as agent for the beneficiary).  Wells Fargo removed the

12   case to this court on November 10, 2011.

13   Plaintiff asserts causes of action for (1) elder financial abuse, under California

14   Welfare and Institutions Code § 15610, et seq.; (2) wrongful foreclosure, in violation of

15   California Civil Code § 2924, et seq.; (3) breach of contract; (4) intentional infliction of

16   emotional distress; (5) unfair, unlawful, and fraudulent business practices, in violation of

17   California Business and Professions Code § 17200; and (6) quiet title.  The first, third,

18   fourth, fifth, and sixth causes of action are alleged against Wells Fargo only.  The second

19   cause of action is alleged against both Wells Fargo and ETS Services.

20   Wells Fargo now seeks an order dismissing all six causes of action, for failure to

21   state a claim, and also seeks an order striking various portions of the complaint.  At the

22   hearing, Wells Fargo conceded that the third cause of action for breach of contract

23   adequately stated a claim.  Accordingly, the motion to dismiss is DENIED as to that cause

24   of action.

25   The motion to dismiss is also DENIED as to the first cause of action for elder

26   financial abuse, the second cause of action for wrongful foreclosure, and the fourth cause

27   of action for intentional infliction of emotional distress.  Although the court did indicate at the

28   hearing that the motion would be granted as to those three claims, upon further reflection,

2

United States District Court

For the Northern District of California

1   and because the court must take the facts alleged by the plaintiff as true at this stage of the

2   litigation, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court has concluded that it must

3   accept plaintiff's assertion that Wells Fargo engaged in conduct that exceeded the bounds

4   of mere "processing" and "servicing" of mortgages.

5       The motion to dismiss is GRANTED as to the fifth cause of action under § 17200

6   and the sixth cause of action for quiet title.  The § 17200 claim is dismissed WITH LEAVE

7   TO AMEND to allege particularized facts showing that Wells Fargo engaged in an unlawful,

8   unfair, and/or fraudulent business practice.  The court notes in particular that while plaintiff

9   has pled no cause of action for fraud, the gravamen of the complaint is that Wells Fargo

10  deliberately "misapplied" plaintiff's payments in order to "artificially" and "fraudulently"

11  create, "orchestrate," and "engineer" a default, so that it could foreclose on the property.

12  See, e.g., Cplt. ¶¶ 2, 23, 29, 32, 47, 55.  At the hearing on the present motions, when the

13  court asked plaintiff's counsel whether plaintiff believed that Wells Fargo had misapplied his

14  payments intentionally, plaintiff's counsel responded that it was "a scheme to defraud

15  plaintiff out of his property."

16      "In alleging fraud or mistake, a party must state with particularity the circumstances

17  constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), the complaint must

18  allege specific facts regarding the fraudulent activity, such as the time, date, place, and

19  content of the alleged fraudulent representation, how or why the representation was false

20  or misleading, and in some cases, the identity of the person engaged in the fraud.  In re

21  GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir. 1994).  The heightened pleading

22  requirements of Rule 9(b) also apply to state law claims that include fraud as a necessary

23  element of the claim, as well as to "averments" of fraud supporting a claim.  See Vess v.

24  Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-05 (9th Cir. 2003); see also Kearns v. Ford

25  Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009).  Accordingly, to the extent that plaintiff

26  is asserting a claim under the "fraud" prong of § 17200, he must plead fraud with

27  particularity as required by Rule 9(b).

28      The court notes further that plaintiff alleges in the § 17200 cause of action that Wells

3

United States District Court

For the Northern District of California

Fargo "is in the routine practice of failing to credit borrowers' monthly mortgage payments to their account [sic] creating the appearance of a default on the borrowers' Note[,]" and that "[a]fter this default has become substantial," Wells Fargo "informs borrowers that it cannot accept their mortgage payments because they have fallen too far behind."  Then, "[a]fter the default has become insurmountable," Wells Fargo "issues a demand letter for the total amount of the fees, costs, and arrears despite the fact that the borrowers would never have fallen behind if [Wells Fargo] had not mishandled their accounts or wrongfully refused payment." Cplt ¶¶ 56-57.  However, plaintiff alleges no facts in support of these conclusory assertions.  The court cautions plaintiff's counsel that all claims in the complaint, including the § 17200 claim, must be pled consistent with Federal Rule of Civil Procedure 11(b).

With regard to the claim for quiet title, the dismissal is WITH PREJUDICE.  A claim for quiet title requires that the following five elements be pled in a verified complaint – a description of the property; the title of the plaintiff, and the basis for that title; the adverse claims to the plaintiff's title; the date as of which the determination is sought; and a prayer for the determination of the title against the adverse claims.  See Cal. Civ. Proc. Code § 761.020.  Plaintiff, who is the owner of the property, has alleged no facts showing any adverse claims to his title.

The purpose of a quiet title action is "to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree each such interest or estate therein as he may be entitled to." Peterson v. Gibbs, 147 Cal. 1, 5 (1905).  Because no foreclosure sale has yet occurred in this case, there are no conflicting claims to the property.  Thus, plaintiff cannot state a claim for quiet title, and amendment would be futile.

It is also true, as Wells Fargo argues, that to maintain a cause of action for quiet title, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage, or plead an ability to tender.  See, e.g., Briosos v. Wells Fargo Bank, 737 F.Supp.2d 1018, 1031-32 (N.D. Cal. 2010).  "[A] mortgagor of real property, cannot, without paying his debt,

**United States District Court**

For the Northern District of California

1    quiet his title against the mortgagee." <u>Miller v. Provost</u>, 26 Cal. App. 4th 1703, 1707

2    (1994).  Plaintiff contends that tender is not required, but the court finds that the question of

3    tender does not arise with regard to this claim, as plaintiff cannot plead sufficient facts to

4    establish a viable cause of action for quiet title.

5    The first amended complaint shall be filed no later than February 21, 2012.  Plaintiff

6    may add no new claims and no new defendants without prior leave of court.

7    Finally, for the reasons stated at the hearing, the motion to strike is DENIED.  <u>See</u>

8    <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973-74 (9th Cir. 2010).

9

10   **IT IS SO ORDERED.**

11   Dated:  January 31, 2012

12   
     _____
     PHYLLIS J. HAMILTON
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28