UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES SINGH,

    Plaintiff,

    v.

WELLS FARGO BANK N.A., et al.,

    Defendants.

_____/

No. C 11-5485 PJH

**ORDER**

Plaintiff James Singh filed this action in Alameda County Superior Court on October 11, 2011, seeking, among other things, to halt a non-judicial foreclosure sale of residential property. On November 10, 2011, defendant Wells Fargo Bank N.A. ("Wells Fargo") removed the case to this court.

On November 17, 2011, Wells Fargo filed a motion to dismiss the complaint for failure to state a claim, and a motion to strike certain allegations in the complaint. Plaintiff filed an opposition to each of Wells Fargo's motions, but then, on January 19, 2012, filed an application for a temporary restraining order, seeking to halt the trustee's sale. Later that same day, the parties stipulated to vacate the hearing on the TRO, and to convert the motion to one for preliminary injunction. Wells Fargo represented in the stipulation that no trustee's sale of the subject property would occur until after March 2, 2012. The court set the hearing for February 29, 2012.

On January 25, 2012, the court heard the motion to dismiss and the motion to strike, and on January 31, 2012, issued an order granting the motion to dismiss in part and denying it in part, and denying the motion to strike.

On February 8, 2012, Wells Fargo filed an opposition to the motion for preliminary

injunction. On February 10, 2012, plaintiff filed an amended complaint. Plaintiff's reply to the opposition to the motion for preliminary injunction was due on February 15, 2012, but as of February 17, 2012, none had been filed. Thus, the court has no indication of plaintiff's response to Wells Fargo's arguments.

**No later than 5:00 p.m. on Wednesday, February 22, 2012**, the parties shall submit a joint written statement (which can be in the form of a letter) to the court stating whether, in light of the court's denial in part of Wells Fargo's motion to dismiss, and particularly in light of Wells Fargo's concession that the cause of action for breach of contract cannot be dismissed pursuant to a Rule 12(b)(6) motion for failure to state a claim, Wells Fargo is willing to stipulate that no trustee's sale will go forward until the claims in this case are resolved. If Wells Fargo is willing to so stipulate, then the court will terminate the motion for preliminary injunction. If Wells Fargo is not willing to so stipulate, the parties must explain to the court how it can be expected to rule on a the motion for preliminary injunction, given that plaintiff did not cite the correct legal standard in his moving papers; Wells Fargo's opposition was filed before plaintiff filed the amended complaint (which amended only the allegations in the fifth cause of action for violation of California Business & Professions Code § 17200); and plaintiff filed no reply to Wells Fargo's opposition.

**IT IS SO ORDERED.**

Dated: February 21, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge