UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES SINGH,

    Plaintiff,

    v.

WELLS FARGO BANK N.A., et al.,

    Defendants.

_____/

No. C 11-5485 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff James Singh's motion for a preliminary injunction came on for hearing before this court on March 28, 2012. Plaintiff appeared by his counsel Michael Maloney, and defendant Wells Fargo Bank N.A. ("Wells Fargo") appeared by its counsel Michael Rapkine. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

    An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

    A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). A "serious question" is one on which the plaintiff "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

In the first amended complaint, plaintiff alleges causes of action for elder financial abuse, under California Welfare and Institutions Code § 15610, et seq.; wrongful foreclosure, in violation of California Civil Code § 2924, et seq.; breach of contract; intentional infliction of emotional distress; and unfair, unlawful, and fraudulent business practices, in violation of California Business and Professions Code § 17200.

Plaintiff seeks a preliminary injunction halting the scheduled non-judicial foreclosure sale of his residential property. The court finds that the motion must be DENIED, because plaintiff has failed to demonstrate either a likelihood of success on the merits, or a "serious question" going to the merits of his claims.

The facts are as set forth in the January 31, 2012 order granting in part and denying in part Wells Fargo's motion to dismiss the original complaint. In that motion, Wells Fargo argued (among other things) that plaintiff's claims were preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. and its implementing regulations at 12 C.F.R. § 560.2(b)(4) and (10), because the allegations in the complaint entirely related to the plaintiff's "terms of credit" and the "processing" and "servicing" of his loan.

In the order, the court noted that because it was required for purposes of a Rule 12(b)(6) motion to take the facts alleged by the plaintiff as true, it was therefore obligated to accept plaintiff's assertion that Wells Fargo had engaged in conduct that exceeded the bounds of mere "processing" and "servicing" of mortgages, based on plaintiff's allegations that Wells Fargo had deliberately "misapplied" his loan payments as part of a scheme to

1  "artificially" and "fraudulently" create, "orchestrate," and "engineer" a default, so that it could
2  foreclose on his property.

3        In his reply to Wells Fargo's opposition to the present motion, however, plaintiff
4  asserts that "this entire action is based upon the processing of [p]laintiff's mortgage
5  payments and the late fees associated therewith." This concession by plaintiff strongly
6  suggests that the claims asserted in the first amended complaint will be preempted by
7  HOLA. At a minimum, it militates against a finding of likelihood of success on the merits.

8        In addition, the extensive documentation of plaintiff's loan history that was provided
9  by Wells Fargo in its opposition to the present motion clearly shows the lack of merit in the
10 allegation in the first amended complaint (and in the original complaint) that when plaintiff
11 attempted to make a mortgage payment on March 2, 2010, and Wachovia/Wells Fargo
12 refused to accept the payment because plaintiff was in arrears on his mortgage, plaintiff
13 was "astonished by Wachovia's/WELLS FARGO's contention that he was not current on his
14 Note[,] and that "Wachovia/WELLS FARGO refused to give [p]laintiff any additional
15 information regarding the alleged deficiency or why he could not submit his payment." FAC
16 ¶¶ 13-14.

17       Finally, at least two of the claims – wrongful foreclosure and unlawful/fraudulent
18 business practices – arguably require full tender of the loan balance, and thus are unlikely
19 to succeed.

20       Accordingly, the court finds that plaintiff has failed to establish either a likelihood of
21 success on the merits of his claims, or that there are clear questions going to the merits,
22 and that the motion for a preliminary injunction must be DENIED.

23

24 **IT IS SO ORDERED.**

25 Dated: April 2, 2012

26                                         PHYLLIS J. HAMILTON
                                        United States District Judge

27
28